gg

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LYRALISA LAVENA STEVENS, | ) | Case No.: 1:22-cv-00741-SAB (PC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | SCREENING ORDER GRANTING PLAINTIFF |
| v. | ) | LEAVE TO FILE AN AMENDED COMPLAINT |
| | ) | |
| S. SMITH, et al., | ) | (ECF No. 1) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Lyralisa Lavena Stevens is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed June 17, 2022.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in her complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On January 6, 2022, Plaintiff went to counselor Martinez's office.  Martinez called Shimmin in records and said she had questions.  At the end of the conversation, Defendant Martinez said, "she will make a decision regarding your elderly parole appeal."

On January 7, 2022, Plaintiff received a copy of appeal #128769, which was crossed out and a new appeal number #199609 was written above it.  Defendant Shimmin's response was "inmate was interviewed Jan. 6, 2022 at 12:30 p.m. by CCI Martinez to get clarification of inmates claim.  CCI Martinez claims Plaintiff has been incarcerated for 21 years, and should be released pursuant to her Elderly Parole Program Determination Date."  Defendant Shimmins has misgendered Plaintiff twice by using pronouns he and him violating SB-132.  The CDW-S Smith singed it, and Defendant Martinez was the culprit and proximate cause of the P.R.E.A. violation.

1   Defendants Shimmin and Smith conspired with Defendant Martinez to omit their official duty
2   to refer Plaintiff's eligible status to the secretary for release or court resentencing.  Plaintiff's actual
3   release date of June 8, 2021.

4   On August 16, 2021, Plaintiff was advised that records department that she was eligible for
5   parole, within two parallel tracks for elderly parole.

6   **A.      Transgender Discrimination**

7   The Equal Protection Clause of the Fourteenth Amendment requires every individual to be
8   judged individually and receive equal justice under the law. Plyler v. Doe, 457 U.S. 202, 216 n.14
9   (1982). This has not, however, been held to mean that all individuals must receive equal treatment.
10   The Supreme Court's tiered framework analyzes equal protection claims based on the type of
11   classification at issue and the requisite level of justification. If a group of individuals is considered a
12   suspect or quasi-suspect class, then the court applies either strict or intermediate scrutiny. Strict
13   scrutiny has been historically reserved for fundamental rights and classifications based on race and
14   national origin. See Loving v. Virginia, 388 U.S. 1, 18 (1967). Intermediate scrutiny, on the other
15   hand, has been applied to sex-based classifications. See United States v. Virginia, 518 U.S. 515, 524
16   (1996).

17   The Supreme Court employs a four-factor test to determine whether a class qualifies as suspect
18   or quasi-suspect thus meriting heightened scrutiny. Heightened scrutiny is appropriate when the class
19   being discriminated against: (1) has been "historically subjected to discrimination," (2) has a defining
20   characteristic bearing no "relation to ability to perform or contribute to society," (3) has "obvious,
21   immutable, or distinguishing characteristics," and (4) is a "minority or is politically powerless."
22   Windsor v. United States, 699 F.3d 169, 181 (2d Cir. 2012) (listing the factors), aff'd on other
23   grounds, 570 U.S. 744 (2013).  Once the court determines heightened scrutiny should apply, the
24   plaintiff must show the defendants acted with an intent or purpose to discriminate against her based on
25   her membership in a suspect or quasi-suspect class. See Barren v. Harrington, 152 F.3d 1193, 1194
26   (9th Cir. 1998).  The Ninth Circuit has recently stated that " 'all gender-based classifications today'
27   warrant 'heightened scrutiny.' " Harrison v. v. Kernan, 971 F.3d 1069, 1077 (9th Cir. 2020) (citing

28

3

1    VMI, 518 U.S. at 555, 116 S.Ct. 2264 (quoting J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 136, 114

2    S.Ct. 1419, 128 L.Ed.2d 89 (1994)).

3           Other than stating that she has been misgendered twice by Defendant Shimmins, Plaintiff has

4    failed to set forth sufficient facts to demonstrate discrimination based on her gender status.

5    Accordingly, Plaintiff fails to state a cognizable claim for relief.

6           **B.       Release on Parole**

7           To the extent Plaintiff is seeking relief in the form of being deemed "eligible for elderly

8    parole" date and the "earliest eligible date," her suit "challeng[es] the validity of [her] continued

9    incarceration [and therefore] lie[s] within 'the heart of habeas corpus.' " Ramirez v. Galaza, 334 F.3d

10   850, 856 (9th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489-99 (1973) (holding that a

11   writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the

12   "exclusive" means to "attack the validity of his confinement" in federal court)).  "There is no

13   constitutional or inherent right of a convicted person to be conditionally released before the expiration

14   of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1,

15   7 (1979).

16          To the extent that Plaintiff is challenging the denial of parole and seeks earlier release under

17   either the elderly parole, the appropriate avenue to obtain relief is not a § 1983 action.[1] " 'Federal law

18   opens two main avenues to relief on complaints related to imprisonment: a petition for habeas

19   corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as

20   amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its

21   duration are the province of habeas corpus.' " Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting

22   Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his

23

24   _____

25   [1] The Elderly Parole Program was established, to be administered by the Board of Parole Hearing, for purposes of
     reviewing the parole suitability of any inmate who is 60 years of age or older and has served a minimum of 25 years of
26   continuous incarceration on her current sentence, serving either a determinate or indeterminate sentence. Cal. Penal Code §
     3055(a).  The term "elderly parole eligible date" means the date on which an inmate who qualifies as an elderly offender is
27   eligible for release from prison. Cal. Penal Code § 3055(b).

28

confinement, however, may be brought under § 1983." Id.  Habeas is the "exclusive remedy" for the prisoner who seeks " 'immediate or speedier release' " from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). A parole claim that affects the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. See Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of her confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action should be dismissed without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

In addition, to the extent Plaintiff's claim is that California regulations implementing the Elderly Parole Program have been misapplied in her case, the Supreme Court held in Swarthout v. Cooke, 562 U.S. 216, it is not this Court's role to determine whether California's laws or regulations were correctly applied in petitioner's case. Id. at 222. A mere error of state law is not a denial of due process." Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (internal quotations omitted). Merely asserting violations of Due Process cannot "transform a state-law issue into a federal one." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

C.    PREA Violation

To the extent plaintiff contends defendants failed to comply with PREA, such claim is unavailing. The PREA, 42 U.S.C. §§ 156011-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission. It does not, however, give rise to a private cause of action." Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases); D'Agirbaud v. Kim, 2020 WL 3258408, at *8 (D. Haw. June 16, 2020) (recognizing that there is no private right of action to vindicate violations of

the PREA); <u>see also</u> <u>Blessing v. Firestone</u>, 520 U.S. 329, 340-41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms").  Because the PREA contains no private right of action, it does not create a right enforceable under § 1983.

Thus, to the extent Plaintiff attempts to allege her rights under the PREA have been violated, she cannot state a claim for relief.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3.      Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

///

///

///

6

4.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **July 25, 2022**

UNITED STATES MAGISTRATE JUDGE