# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. SMITH, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00741-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL<br><br>(ECF No. 10) |

Plaintiff Lyralisa Lavena Smith is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to recuse the assigned Magistrate Judge, filed August 25, 2022.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (citations omitted)).

Judicial rulings alone almost never establish bias or partiality. <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).

      Here, Plaintiff takes issue with the fact that the assigned Magistrate Judge referred to her as "he" twice in the conclusion portion of Court's July 26, 2022 screening order. Although Plaintiff is correct that the Magistrate Judge inadvertently referenced her as "he" twice in the July 26, 2022 screening order, the typographical error does not warrant recusal. Indeed, Plaintiff overlooks the fact that throughout the Court's July 26, 2022 screening order, Plaintiff is otherwise referenced as a "she" therein. (<u>See</u> ECF No. 9 at pp. 2, 3, 4, 6.) While the Court recognizes Plaintiff's frustration to the use of the incorrect pronoun, the typographical error was an inadvertent oversight and not an intentional misrepresentation of the facts. Further, the typographical error does not affect the substance of the Court's screening order. Plaintiff failed to meet the heavy burden of showing bias or prejudice, and there is no basis for removing the Magistrate Judge. Accordingly, Plaintiff's motion for recusal is denied.

IT IS SO ORDERED.

Dated:   **August 26, 2022**

                                                       UNITED STATES MAGISTRATE JUDGE