# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. SMITH, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00741-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 12) |

Plaintiff Lyralisa Lavena Stevens is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 25, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in her complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On January 6, 2022, Plaintiff was sent to counsel Defendant Martinez's office. The Chief Deputy Warden Shimmin in records was called by Defendant Martinez who stated, "SHE HAS QUESTION." Defendant Martinez covered the phone at times, and spoke in low tones to Defendant Shimmin. At the end of the conversation, Defendant Martinez stated, "SHE WILL MAKE A DECISION regarding your elderly parole appeal."

On January 7, 2022, Plaintiff received a copy of appeal log no. 128769, which was crossed out, and a new appeal number was written above it. Defendant Shimmin "misgendered" Plaintiff twice, which along with Defendants Smith and Martinez, failed to comply with the

Transgender Respect, Agency and Dignity Act.[1]

Defendants Shimmin and Smith plotted to deny Plaintiff's validation for parole eligibility even though she is 53 years and elderly parole has changed to 50 years old based on Defendant Martinez's misgender psychological assault.

Defendant Martinez omitted the official duty to refer Plaintiff's eligible status to the secretary for release or court resentencing pursuant to California Code of Regulations, Title 15, section 3076.

## III.

## DISCUSSION

### A. Due Process Claim

First, to the extent plaintiff contends that she is entitled to have the recall of commitment process available to her and that it was wrongfully denied, prisoner have no state law right to seek enforcement of the recall of commitment procedure. Indeed, the language in the Section 3076 is optional. See Cal. Code Regs. tit. 15, § 3076 (stating secretary or designee may recommend a recall of inmate's commitment). To give rise to a liberty interest protected by the due process clause, a regulation must contain explicitly mandatory language. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); see also Mendoza v. Blodgett, 960 F.2d 1425, 1428 (9th Cir. 1992) ("A state creates a protected liberty interest when it places substantive limitations on official discretion."); In re Ilasa, 3 Cal.App.5th 489, 504-505 (2016) (citation omitted). Thus, any denial of access to the recall of commitment process by Defendants is not actionable under the Due Process Clause.

Additionally, any alleged abuses of discretion by Defendants are not cognizable in this court because they implicate no federal right. Defendants' discretionary decision was based upon state law. A litigant may not transform a state law issue into a federal one merely by asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1380 (9th Cir. 1996). For

---

[1] California Senate Bill No. 132, also known as "The Transgender Respect, Agency, and Dignity Act," is codified at Cal. Penal Code §§ 2605, 2606 (West 2021).

all these reasons, Plaintiff may not maintain a due process claim based on the failure to make the recall of commitment process available to her. Moreover, any discretionary decision made by Defendants pertaining to recall of commitment proceedings is based upon state law, as the recall process does not implicate any federal rights. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). A litigant may not transform a state law issue into a federal one merely by asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1380 (9th Cir. 1996).

Furthermore, as stated in the response to Appeal Log No. 000000199609:

> Penal Code Section 3055 (effective January 1, 2018) implemented a statutory Elderly Parole Program. On January 1, 2021, a modification was made based on the inmate's age of 50 years old and older who have been incarcerated for at least 20 years. Under the statutory Elderly Parole Program the inmate may be serving an indeterminate or a determinate sentence. Pursuant to PC 3055(g) and (h). The prior calculated EPED was 1/29/2029. Based on the modifications to the Elderly Parole Program your EPED has been recalculated to 6/08/2021.

(First Am. Compl, ECF No. 15 at 15.) The mere fact that Plaintiff is eligible for release on parole does not mean that her release is mandated. See Stats. 2017, ch. 676, § 3, adding Pen. Code, § 3055, subd. (a) ("The Elderly Parole Program is hereby established, to be administered by the Board ... for the purposes of reviewing the parole suitability of any inmate who is 50 years of age or older and has served a minimum of 20 years of continuous incarceration …."); see also People v. Contreras, 4 Cal.5th 349, 374 (2018) (in implementing this measure, the Board is directed to "give special consideration to whether age, time served, and diminished physical condition ... have reduced the elderly inmate's risk for future violence." (Id., subd. (c).) The Legislature's intent was not entirely altruistic: "[T]he legislation's main purpose was to curb rising medical costs of the geriatric inmate population and to provide a 'compassionate' release for those elderly individuals.").

///

///

///

**B.     Equal Protection Clause**

The Equal Protection Clause of the Fourteenth Amendment requires every individual to be judged individually and receive equal justice under the law. Plyler v. Doe, 457 U.S. 202, 216 n.14 (1982).  This has not, however, been held to mean that all individuals must receive equal treatment.  The Supreme Court's tiered framework analyzes equal protection claims based on the type of classification at issue and the requisite level of justification. If a group of individuals is considered a suspect or quasi-suspect class, then the court applies either strict or intermediate scrutiny. Strict scrutiny has been historically reserved for fundamental rights and classifications based on race and national origin. See Loving v. Virginia, 388 U.S. 1, 18 (1967). Intermediate scrutiny, on the other hand, has been applied to sex-based classifications. See United States v. Virginia, 518 U.S. 515, 524 (1996).

The Supreme Court employs a four-factor test to determine whether a class qualifies as suspect or quasi-suspect thus meriting heightened scrutiny. Heightened scrutiny is appropriate when the class being discriminated against: (1) has been "historically subjected to discrimination," (2) has a defining characteristic bearing no "relation to ability to perform or contribute to society," (3) has "obvious, immutable, or distinguishing characteristics," and (4) is a "minority or is politically powerless." Windsor v. United States, 699 F.3d 169, 181 (2d Cir. 2012) (listing the factors), aff'd on other grounds, 570 U.S. 744 (2013).  Once the court determines heightened scrutiny should apply, the plaintiff must show the defendants acted with an intent or purpose to discriminate against her based on her membership in a suspect or quasi-suspect class. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  The Ninth Circuit has recently stated that " 'all gender-based classifications today' warrant 'heightened scrutiny.' " Harrison v. v. Kernan, 971 F.3d 1069, 1077 (9th Cir. 2020) (citing United States v. Virginia, 518 U.S. 515, 555 (1996) (quoting J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 136 (1994)).

Other than stating that she has been misgendered twice by Defendant Shimmins, Plaintiff has failed to set forth sufficient facts to demonstrate discrimination based on her gender status. Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

### C. PREA Violation

To the extent plaintiff contends defendants failed to comply with PREA, such claim is unavailing. The PREA, 42 U.S.C. §§ 156011-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission. It does not, however, give rise to a private cause of action." Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases); D'Agirbaud v. Kim, No. 20-cv-00139 JAO-KJM, 2020 WL 3258408, at *8 (D. Haw. June 16, 2020) (recognizing that there is no private right of action to vindicate violations of the PREA); see also Blessing v. Firestone, 520 U.S. 329, 340-41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms").  Because the PREA contains no private right of action, it does not create a right enforceable under § 1983.

Thus, to the extent Plaintiff attempts to allege her rights under the PREA have been violated, she cannot state a claim for relief.

### D. Further Leave to Amend

Given Plaintiff's failure to allege additional facts and cure the identified deficiencies, the Court finds further leave to amend the claim would be futile. See Zucco Partners, LLC v. Digimarc Corp, 552 F.3d 981, 1007 (9th Cir. 2009); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where the plaintiff failed to correct deficiencies in complaint after the court had afforded opportunities to do so and had discussed with plaintiff the substantive problems with his claims).  Accordingly, the Court recommends the first amended complaint be dismissed without further leave to amend.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 16, 2022**

UNITED STATES MAGISTRATE JUDGE