UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>S. SMITH, et al.,<br><br>Defendants. | No. 1:22-cv-00741-ADA-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION<br><br>(ECF No. 16) |

Plaintiff Lyralisa Lavena Smith is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2022, the Magistrate Judge screened Plaintiff's first amended complaint and issued findings and recommendations suggesting that this action be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 16.) On September 28, 2022, Plaintiff timely filed objections to the findings and recommendations. (ECF No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case.

Plaintiff makes three objections to the Magistrate Judge's findings and recommendations. First, Plaintiff claims that the Magistrate Judge "noticed that an <u>arguable basis</u> exists within Plaintiff's factual allegations . . . and that Plaintiff's original complaint simply required a curing

1

of her arguable methods used." (ECF No. 28 at 1.)  The fact that the Magistrate Judge provided Plaintiff an opportunity to address the deficiencies in her initial complaint, however, does not mean that the mere filing of an amended complaint is a sufficient cure.  The claims and factual allegations in Plaintiff's first amended complaint are almost identical to those in her initial complaint.  Because Plaintiff has failed to address the deficiencies that the Magistrate Judge noted in the initial screening order, the Court finds that this objection is without merit.

Second, Plaintiff argues that the Magistrate Judge should have accepted the allegations in the complaint as true and not engaged in fact finding until the Defendants filed their reply.  In reviewing the findings and recommendations, the Court finds that the Magistrate Judge did construe the factual allegations in favor of Plaintiff and did not conduct additional factfinding.  This objection is also without merit.

Finally, Plaintiff claims that the Magistrate Judge misconstrued her first claim under the Due Process Clause rather than the Eighth Amendment.  Specifically, Plaintiff claims that her "focus was on the mistreatment, not parole rights."  Indeed, she states in the complaint that "Defendant Shimmin had misgendered Plaintiff twice, which is . . . hurtful emotionally to Plaintiff Ms. Stevens who suffers from a serious medical condition called Gender Dysphoria . . . which constitutes Deliberate Indifference." (ECF No. 12 at 5.)

A prisoner alleges an Eighth Amendment violation when she demonstrates that a prison guard "(1) exposed her to a substantial risk of serious harm; and (2) was deliberately indifferent to her constitutional rights." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A deprivation is sufficiently serious when the prison official's act or omission results 'in the denial of the minimal civilized measure of life's necessities.'" *Lemire v. California Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (quoting *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)).  Officials act with deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  Typically, the verbal exchange of offensive insults between inmates and guards does not rise to the level of an Eighth Amendment violation. *See Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

1   Here, Plaintiff claims that Defendant Shimmin violated the Eighth Amendment when he
2   misgendered Plaintiff in a denial of one of her grievances.  The specific language Defendant
3   Shimmin used was, "Inmate was interviewed on January 6, 2022 at 12:30 p.m. by CCI C.
4   Martinez to get clarification of Inmate's claim.  CCI C. Martinez explained Inmate claims he has
5   been incarcerated for 21 years and should be released pursuant to his Elderly Parole Program
6   Determination (EPED) date."  (ECF No. 12 at 15.)

7   If Defendant Shimmin's use of the wrong pronouns when referring to Plaintiff was
8   intentional, the Court strongly disapproves of such conduct.  Even if it was not intentional, the
9   Court recognizes the indignity such carelessness can impose on an individual like Plaintiff.
10  Either way, however, Plaintiff has failed to state a claim.  While the Court recognizes that the
11  comments may have been "hurtful emotionally," (*Id.* at 5), they are not the type of exchange that
12  amounts to an Eighth Amendment violation.  *See Keenan*, 83 F.3d at 1092 (finding no Eighth
13  Amendment violation when guards directed "disrespectful and assaultive comments" towards a
14  prisoner).

15  Having carefully reviewed the entire file, including Plaintiff's objections, the court finds
16  the findings and recommendations to be supported by the record and by proper analysis.

17  The Court also notes that, while the Magistrate Judge permitted Plaintiff to proceed in
18  forma pauperis in this matter, it appears that Plaintiff should have been ineligible under 28 U.S.C.
19  1915(g).  *See Stevens v. Robinson*, No. 1:22-cv-00742-EPG (PC), 2022 WL 2340517 (E.D. Cal.
20  Jun. 29, 2022).  This dismissal will constitute another strike under that provision.

21  Accordingly,

22  1.   The findings and recommendations issued on September 16, 2022, (ECF No. 16),
23       are adopted in full;
24  2.   This action is dismissed for failure to state a cognizable claim upon which relief
25       may be granted; and
26  ///
27  ///
28  ///

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  November 9, 2022

_____
UNITED STATES DISTRICT JUDGE